### STATE v. DAVIS

#### (122 S. E., 776)

1. HOMICIDE—CHARGE THAT SIMPLE NEGLIGENCE WOULD CONSTITUTE MANSLAUGHTER HELD ERROR.—A charge that simple negligence on defendant's part would constitute manslaughter *held* reversible error.

2. HOMICIDE—ORDINARY NEGLIGENCE NOT MANSLAUGHTER.—To constitute manslaughter negligence must be of a higher degree than is required to establish ordinary negligence in a civil case.

Before MEMMINGER, J., Sumter, October, 1923. Reversed and remanded.

Peter Davis was convicted of manslaughter and he appeals.

*Messrs. Tatum & Wood* and *J. I. Wilson,* for appellant, cite: *"Impartial":* 28 S. W., 593; 65 Tenn., 466. *Predjudicial remarks; by a trial Judge:* 69 N. W., 274; 153 U. S., 614. *Province of appellate Court to determine whether conduct and language of the trial Court amounted to error:* 15 S. C., 423; 15 S. C., 144; 173 F., 912; 115 F., 3; 16 C. J., Sec. 2093; Clark's Crim. Proc., Sec. 171; 61 S. E., 630; 45 So., 998; 42 L. R. A. (N. S.), 428 and note; 76 S W., 565; 101 P., 193; 14 P., 410; 14 P., 54; 37 R. I., 168. *Homicide embracing negligence:* 21 Cyc., Sec. 765-a, 765-b; 10 Rich., 449; 45 S. E., 6; 29 C. J., 1154; 39 S. E., 8288-30; 25 C. C. A., 394. *Negligence resulting in criminal liability of manslaughter:* 21 Cyc., 761; 204 S. W., 5; 90 S. E., 781; 97 S. E., 616; 1 McLean's Crim. Law, 350; Bishop's Crim. Law, 7th Ed., Vol. 1, Sec. 314, *et seq.;* Wharton's Amer. Crim. Law, Sec. 1003; Russell on Crimes, Vol. 1, Sec. 657, 658; 21 Cyc., 760, *et seq.;* 29 C. J., 1154; 29 C. J., 1155, note 98. *Carelessness:* 68 S. E., 523; 66 S. C., 423; 45 S. E., 6; 70 S. E., 161; 70 S. E., 301; 85 S. E., 720; 96 S. E., 667; 110 S. E., 145. *No evidence upon which a verdict of manslaughter could have been predicated:* 86 N. J. L., 407; 90 S. E., 781; 97 S. E., 616; 16 C. C. (Eng.), 710.

*Mr. F. A. McLeod, Solicitor,* for the State.

May 6, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from a conviction and sentence for manslaughter. The defendant claimed that the injury which caused the death of the deceased, his wife, was caused by his stumbling over a chair as he attempted to carry her, after she had fallen in an epileptic seizure, to the bed. The Circuit Judge charged upon the matter of involuntary manslaughter, suggested by the defendant's explanation, that a homicide, which was the result of simple neg-

ligence upon the part of the defendant, would constitute manslaughter.

The general rule is thus stated in 29 C. J., 1155:

2    "It is uniformly held that it (the negligence) must be of a higher degree than is required to establish negligence (that is ordinary negligence) upon a mere civil issue."

There may be circumstances connected with the homicide, such as the situation of the parties, the character of the instrumentality carelessly handled, and others, which may convert an act, otherwise one of simple negligence into gross or reckless negligence, and justify a conviction of manslaughter or even murder; but it was manifest error to charge that in every instance, regardless of the circumstances, an act of ordinary negligence will constitute manslaughter.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.